**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 10 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    19-50003 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-04006-MMA-1 |
| v. | |
| VICTOR MANUEL AVALOS-RIVERA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Submitted August 5, 2020[**]

Before:    SCHROEDER, HAWKINS, and LEE, Circuit Judges.

Victor Manuel Avalos-Rivera appeals from the district court's judgment and

challenges his bench-trial conviction for attempted reentry of a removed alien, in

violation of 8 U.S.C. § 1326, and the two-year term of supervised release he is

currently serving following completion of his 18-month sentence.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291, and we affirm.

Avalos-Rivera first contends that the immigration judge lacked jurisdiction to issue the removal order underlying his conviction, and therefore that the district court should have granted his motion to dismiss the indictment. However, as Avalos-Rivera concedes, this argument is foreclosed by our opinion in *Karingithi v. Whitaker*, 913 F.3d 1158, 1160 (9th Cir. 2019), *cert. denied sub nom. Karingithi v. Barr*, 140 S. Ct. 1106 (2020), which we recently extended in *Aguilar Fermin v. Barr*, 958 F.3d 887, 895 (9th Cir. 2020).

Avalos-Rivera also contends that the district court procedurally erred by failing to (1) calculate the Guidelines range for his supervised release term; (2) explain why supervised release was warranted notwithstanding his status as a deportable alien, and (3) justify the specific two-year term it imposed. We review for plain error, *see United States v. Dallman*, 533 F.3d 755, 761 (9th Cir. 2008), and conclude that there is none. The district court properly explained that a "modest" term of supervised release was appropriate in light of Avalos-Rivera's criminal history, which the court noted was "somewhat dated," but serious. *See* U.S.S.G. § 5D1.1 cmt. n.5 (supervised release may be appropriate for a defendant who is deportable if "it would provide an added measure of deterrence and protection based on the facts and circumstances of a particular case"). Given the court's concern, and the discussion during the sentencing hearing of Avalos-

Rivera's extensive family ties in the United States, Avalos-Rivera has not shown a reasonable probability that he would have received a different sentence had the district court calculated the supervised release Guidelines range, or said more to justify the imposition of the within-Guidelines supervised release term. *See Dallman*, 533 F.3d at 762.

**AFFIRMED.**